UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARKO ANTONIO HERNANDEZ,

Plaintiff,

v.

SUNDAY, *et al.*,

Defendants.

Case No. 3:21-cv-00157-MMD-WGC

ORDER

On April 7, 2021, the Court issued an order directing *pro se* Plaintiff Marko Hernandez to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402.00 on or before June 7, 2021. (ECF No. 3 at 3.) The June 7, 2021 deadline expired, and Hernandez has not filed a fully complete application to proceed *in forma pauperis* or paid the full $402.00 filing fee. On June 14, 2021, Hernandez filed a notice and a motion for enlargement of time to submit his fully complete application to proceed *in forma pauperis* because he had not yet received his financial certificate and inmate account statement from prison officials. (ECF Nos. 5, 6.)

Pursuant to Nevada Local Rule of Practice IA 6-1(a), a request for an extension of time made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1(a). "[E]xcusable neglect" is an equitable question for the court, considering "all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts use the following factors to determine whether a party's omission should be considered excusable neglect: (1) the danger of prejudice to the other party; (2) the length and impact of the delay on judicial proceedings; (3) the reason for delay and

whether it was reasonably within the party's control; (4) and whether the party acted in good faith. *Id.*

The Court finds that Hernandez has not demonstrated that his failure to file a motion for enlargement of time before the deadline was the result of excusable neglect. In Hernandez's motion and notice, Hernandez states his motion for enlargement of time was returned to him on June 4, 2021, by prison officials because Hernandez had not provided the correct Nevada Department of Correction ("NDOC") e-filing form, DOC-1717, to prison officials for processing. (ECF Nos. 5 at 10-11, 6 at 1.) Hernandez thereafter did not submit his notice and motion for enlargement of time to the Court until 10 days following the return of his paperwork by prison officials. Moreover, in his notice, Hernandez references delays in NDOC accounting. However, the Court has been receiving, and continues to receive, timely financial certificates and inmate account statements from Ely State Prison officials. Hernandez did not comply with the requirements for obtaining the necessary financial documents and was informed of this on April 28, 2021, but still did not comply with the Court's order or file a timely motion for enlargement of time. (ECF No. 5 at 4-5.)

Accordingly, the Court denies Hernandez's motion for enlargement of time. Because the Court will be dismissing this action *without prejudice*, Hernandez may refile his complaint and a complete application to proceed *in forma pauperis* in a *new case* when Hernandez acquires the proper financial documents. A dismissal *without prejudice* means Hernandez does not give up the right to refile the case with the Court, under a new case number, when Hernandez has all three documents needed to submit with an application to proceed *in forma pauperis*.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*

*Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Hernandez to file a complete application to proceed *in forma pauperis* or pay the full filing fee on or before June 7, 2021 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not file a fully complete application to proceed

*in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before June 7, 2021, this case will be subject to dismissal *without prejudice* for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $402 filing fee." (ECF No. 3 at 3-4.) Hernandez, thus, had adequate warning that dismissal without prejudice would result from noncompliance with the Court's order to file a fully complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee on or before the deadline of June 7, 2021.

It is therefore ordered that Plaintiff Marko Hernandez's motion for enlargement of time (ECF No. 5) is denied.

It is further ordered that this action is dismissed without prejudice based on Hernandez's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee in compliance with the Court's April 7, 2021 order (ECF No. 3).

The Clerk of Court is directed to enter judgment accordingly and close this case.

No additional documents will be filed in this closed case.

DATED THIS 21st Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE